## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **CYNTIA GREEN,** | ) | CASE NO. |
| | ) | |
| *Individually and on behalf of all others* | ) | JUDGE |
| *similarly situated,* | ) | |
| | ) | **PLAINTIFF'S CLASS ACTION** |
| Plaintiff, | ) | **AND COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| *v.* | ) | |
| | ) | ***(Jury Demand Endorse Hereon)*** |
| **LIFE CHANGING CARE LLC** | ) | |
| c/o Statutory Agent | ) | |
| Samuel L. Saunders | ) | |
| 16715 Palda Dr. | ) | |
| Cleveland, Ohio 44128 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| **SAMUEL L. SAUNDERS** | ) | |
| 873 Englewood Road | ) | |
| Cleveland, Ohio 44121 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Cyntia Green, *on behalf of herself and all others similarly situated*, for her Class and Collective Action Complaint ("Complaint") against Defendants Life Changing Care LLC and Samuel L. Saunders (hereinafter also referred to as "Defendants"), states and alleges the following:

### INTRODUCTION

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best*

*Freight Sys. Inc.*, 450 U.S. 728, 739 (1981). The FLSA required Defendants to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Ohio statutory law further required the payment of overtime wages and/or contained other compensation requirements and/or penalties. *See* O.R.C. §§ 4113.15(A), 2307.60. Plaintiff brings this case on her own behalf and on behalf of those similarly situated, both under federal and state law, to redress Defendants' violations of these laws, as is more fully set forth herein.

2.      With Count One of this Complaint, Plaintiff seeks to prosecute her FLSA claims as an FLSA collective action pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability… may be maintained against any employer … by any one or more employees for and on behalf of [herself] or themselves and other employees similarly situated… [who] gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought" on behalf of herself and such other members of a class of persons who subsequently file consents to join the action, as is more specifically defined below (the "FLSA Collective").

3.      With Counts Two and Three of this Complaint, Plaintiff brings claims as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under O.R.C. §§ 4113.15(A) and 2307.60, as is more specifically defined below (the "State Law Class").[1]

4.      Plaintiff, on her own behalf and on behalf of the FLSA Collective and the State Law Class, seeks compensatory, statutory, exemplary, and punitive damages, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

---

[1] Some members of the FLSA Collective may also be members of the State Law Class, as both are defined hereinafter, as is the Named Plaintiff.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy. 28 U.S.C. § 1367.

7. Venue is proper in this District and division pursuant to 28 U.S.C. § 1391(b) because one or more of the Defendants reside in this District and division, has their principal place of business in this District, and/or because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

8. Plaintiff Green is an individual, a citizen of the United States, and a resident of the State of Ohio. Plaintiff Green has completed an "**CONSENT TO JOIN LAWSUIT**" which is filed as Exhibit A to this Complaint and is incorporated by reference herein (providing, in part, that "I hereby authorize the filing and prosecution of claims in my name and on my behalf, to contest the alleged failure of Life Changing Care LLC and/or its parents, subsidiaries, ownership, and/or related companies, and/or other related parties … to pay me proper wages, including overtime wages, under federal law.").

9. Defendant Life Changing Care LLC is an Ohio for-profit limited liability company. According to records maintained by the Ohio Secretary of State, Defendant Life Changing Care LLC's Statutory Agent for service of process is Samuel L. Saunders, 16715 Palda Dr. Cleveland OH 44128.[2]

---

[2] https://businesssearch.ohiosos.gov?=businessDetails/2352272 (last accessed Nov. 15, 2024).

10.     Defendant Samuel L. Saunders is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Life Changing Care LLC, "in relation to employees," including Plaintiff and members of the FLSA Collective and the State Law Class. Defendant Samuel L. Saunders is an employer and had operational control over significant aspects of Life Changing Care LLC's day-to-day functions. Defendant Samuel L. Saunders is, upon information and belief, an owner and/or operator of Life Changing Care LLC and issued payroll directly to Plaintiff and, upon information and belief, other members of the FLSA Collective and the State Law Class

## FACTUAL ALLEGATIONS

### Defendants' Business and Defendants' Status as an Employer

11.     Defendants describe themselves as a "DODD (department of developmental disabilities) Agency, which services DD individuals throughout the state of Ohio [and] specialize[s] in community inclusion [and] vocational training."[3] Defendants employ individuals who provide direct care and related services in furtherance of their business purposes.

12.     Defendants are each an "employer" of Plaintiff, and the members of the FLSA Collective and the State Law Class, within the meaning of the FLSA, 29 U.S.C. § 203(d) and Ohio law, O.R.C. § 4113.15(A).

13.     Defendants utilize non-exempt employees, including Plaintiff, and the members of the FLSA Collective and State Law Class, in furtherance of their business purposes.

14.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

---

[3] https://www.linkedin.com/in/samuel-saunders (last accessed Nov. 15, 2024); *see also* https://lifechangingcare216.com/ (last accessed Nov. 15, 2024).

15. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendants have employees engaged in commerce or in the production of goods for commerce, or have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as direct care and related tools and supplies, personal protective equipment, computers, and cell phones as part of their jobs and related duties.

16. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

17. At all times relevant, Defendants were an employer of Plaintiff, the members of the FLSA Collective, and the State Law Class as Defendants exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### Plaintiff's and the Members of the FLSA Collective's and the State Law Class's Non-Exempt Employment Statuses with Defendant

18. Plaintiff Green was employed by Defendants from approximately October 2023 to October 2024 as a non-exempt employee. Plaintiff Green's most recent job was a direct support worker.

19. Defendants classified and paid Plaintiff, as well as the members of the FLSA Collective and the State Law Class, as non-exempt employees.

20.    At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Ohio law, O.R.C. § 4113.15(A).

21.    At all times relevant, Plaintiff and members of the FLSA Collective and the State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

<u>**Defendants' Unlawful Failure to Pay Overtime**</u>
<u>**Compensation at Time and One-Half**</u>

22.    The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40), and/or provided other pay requirements as applicable. 29 U.S.C. § 207; O.R.C. § 4113.15(A). *See* O.R.C. § 2307.60.

23.    Plaintiff and members of the FLSA Collective and the State Law Class regularly worked more than forty (40) hours in a single workweek.

24.    Although Defendants suffered and permitted Plaintiff and members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and Ohio law, O.R.C § 4113.15(A). *See* O.R.C. § 2307.60.

25.    Instead of compensating Plaintiff Green and the members of the FLSA Collective and State Law Class at one and one-half times their regular hourly rates for hours more than

forty (40) hours per workweek, as further explained below, Defendants paid Plaintiff and the members of the FLSA Collective and the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

26.     For example, for the two-week pay period of 09/15/2024 to 09/28/2024, Plaintiff was paid 80.0 hours at $16.00 per hour, and 17.75 hours at $20.00 per hour, for total gross payment of $1,635.00.

27.     Defendants shortchanged their non-exempt employees and failed to pay overtime compensation through unlawful practices that do not pay all overtime hours worked at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

28.     By way of example, for the two-week pay period of 09/15/2024 to 09/28/2024, Plaintiff should have been paid 80.0 hours at $16.00 per hour, and 17.75 hours at $24.00 per hour (not a reduced overtime rate of $20.00 per hour as Defendants paid her), for a total gross earnings payment of $1,706.00. Defendant's failure to pay Plaintiff Green (and members of the FLSA Collective and the State Law Class) at time and one half is a *per se* violation of the FLSA.

29.     Although Defendants suffered and permitted Plaintiff and members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and members of the FLSA Collective and the State Law Class overtime at a rate of one and one half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and members of the FLSA Collective and the State Law Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207.

30.     Defendants consistently failed to pay Plaintiff and members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207.

31.     Defendants' failure to compensate Plaintiff and members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay – as result of Defendants' reduced overtime rate for overtime hours worked practices and/or policies – violates the FLSA, 29 U.S.C. § 207.

32.     Defendants' pay practices were the result of systematic and companywide policies originating at the management/directorial level.

33.     Defendants' failure to pay overtime as a result of the overtime underpayment practices resulted from knowing or reckless executive/directorial decisions. In addition, by denying Plaintiff and members of the FLSA Collective and the State Law Class overtime compensation as required by the FLSA, Defendants' acts were not based upon good faith. Through legal counsel as well as experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under the provision of laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendants therefore knew about the overtime compensation requirements of the FLSA or acted in reckless disregard as to Defendants' obligations under the FLSA.

34.     Defendants, through their supervisors, directors, and managers, knew that Plaintiff and members of the FLSA Collective and the State Law Class were working overtime hours for which they were not paid, as a result of Defendants' overtime underpayment practices

and policies, and thus Defendants' actions were deliberate and willful within the meaning of the FLSA and Defendants lacked a good faith basis for their actions.

35. Moreover, although Defendants suffered and permitted Plaintiff and members of the FLSA Collective and the State Law Class to work more than forty (40) hours per workweek, Defendants failed to pay Plaintiff and members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek. As a result, Plaintiff and members of the FLSA Collective and the State Law Class were not paid overtime for all of their overtime hours worked as required by the FLSA, 29 U.S.C. §§ 201, *et seq.*

36. Defendants consistently, willfully, and intentionally failed to pay Plaintiff and members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked, at the statutory overtime rate required. 29 U.S.C. § 207. Defendants' failure to compensate Plaintiff and members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207.

**The Willfulness of Defendants' Violations**

37. In addition to the above allegations demonstrating the willfulness of Defendants' wage violations as provided for above, Defendants knew or should have known, in accordance with their obligations under the FLSA and Ohio State law, that their workers, including Plaintiff and the members of the FLSA Collective and the State Law Class, were entitled to overtime compensation under federal and state law.

38. By denying Plaintiff, and the members of the FLSA Collective and the State Law Class, overtime compensation as required by the FLSA, Defendants' acts were not based upon

good faith. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under federal and Ohio law, as recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendants therefore knew about the overtime compensation requirements of the FLSA and failed to comply with them or acted in reckless disregard as to their obligations under these laws in failing to comply with them.

39.     Moreover, Defendants' overtime compensation payment, and general wage compensation payment, obligations were clearly known by Defendants, but nonetheless willfully and intentionally disregarded.

40.     For example, O.R.C. § 4111.09 provides that "[e]very employer subject to sections 4111.01 to 4111.17 of the Revised Code, or to any rules issued thereunder, shall keep a summary of the sections, approved by the director of commerce, and copies of any applicable rules issued thereunder, or a summary of the rules, posted in a conspicuous and accessible place in or about the premises wherein any person subject thereto is employed." As approved by the Director of Commerce, this conspicuously-placed posting includes the language: "**OVERTIME** … [a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours in excess of 40 hours in one work week..."[4]

41.     In addition, federal law requires employers subject to the FLSA's wage provisions, such as Defendants, to post, and keep posted, a notice explaining the overtime provisions of the FLSA in a conspicuous place in all of their establishments so as to permit

---

[4] *See, e.g.,* https://com.ohio.gov/static/documents/2023MWPoster.pdf (emphasis original) (last accessed Nov. 15, 2024) (emphasis original).

employees to readily read it, which includes the language that the employer must pay

"**OVERTIME PAY**" at "[a]t least 1½ times the regular rate of pay for all hours worked over 40

in a workweek."[5]

42.     As an Ohio employer, Defendants indisputably knew of the overtime

requirements of the FLSA, or acted in reckless disregard for whether Plaintiff and members of

the FLSA Collective and State Law Class were entitled to overtime compensation. Despite

Defendants' knowledge of the overtime provisions of the FLSA and Ohio law, including by

physically posting notices recognizing that Defendants were required to pay overtime

compensation for all overtime hours worked, Defendants have continued to fail to pay overtime

wages for overtime hours worked to Plaintiff and other members of the FLSA Collective and

State Law Class.

43.     Inasmuch as Defendants' violation of the FLSA was willful within the meaning of

the FLSA, Plaintiff and the members of the FLSA Collective are therefore entitled to liquidated

damages equal to the amount of all unpaid overtime compensation, pursuant to 29 U.S.C. § 260.

44.     In addition, Plaintiff and the members the State Law Class are entitled to recovery

under Ohio's law providing for recoverable damages in this civil action for damages for criminal

acts, O.R.C. § 2307.60.

### FLSA COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNT ONE)

45.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten

herein.

---

[5] https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/minwagep.pdf (last accessed Nov. 15, 2024) (emphasis original).

46.     Plaintiff brings this case on behalf of a group of employees of Defendants (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consent forms to join this action from this group of individuals:

**All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendants during the period of three years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek.[6]**

47.     Such persons are "similarly situated" with respect to Defendants' FLSA overtime violations, as to the collective group of employees identified above, in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

48.     Plaintiff and the members of the FLSA Collective, having willfully been not paid at least the federal overtime wage for the overtime hours they worked for Defendants pursuant to the common policies described herein, are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and the associated decisional law. *See* 29 U.S.C. § 207.

49.     Plaintiff Green and the members of the FLSA Collective are similarly situated because, among other reasons, Plaintiff Green, as well as the members of the FLSA Collective, are owed approximately hundreds to thousands of overtime hours from working for Defendants and for Defendants' benefit for which they were not paid overtime compensation at the proper overtime rate.

---

[6] Plaintiff reserves the right to amend and refine the definition of to whom she seeks to have provided with Court-authorized notice based upon further investigation and discovery.

50.     Plaintiff and the members of the FLSA Collective have been similarly affected by the FLSA overtime violations of Defendants in one or more workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid paying all earned federal overtime wages owed.

51.     Plaintiff and the members of the FLSA Collective have been damaged by Defendants' willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendants' willful FLSA violations, Plaintiff Green and the members of the FLSA Collective are similarly situated to each other in that they are all entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

52.     Throughout her employment with Defendants, Plaintiff was subjected to the same timekeeping and payroll policies and practices by Defendants that the members of the FLSA Collective were subjected to.

53.     Plaintiff is similarly situated to the members of the FLSA Collective and will prosecute this action vigorously on their behalf.

54.     Plaintiff is entitled to send notice to all potential members of the FLSA Collective pursuant to Section 216(b) of the FLSA. Identification of potential members of the FLSA Collective is readily available from the timekeeping and compensation records, including timekeeping and payroll data, maintained by Defendant. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA and decisional law.

55.     Immediate, prompt notice of this matter to similarly situated persons pursuant to 29 U.S.C. § 216(b) – by Court order – is proper and necessary so that such persons may be sent a

Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

56.     Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to potential members of the FLSA Collective is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including, *inter alia*, whether Defendants satisfied the FLSA's requirements for payment of the statutory overtime wages.

57.     The precise size and identity of the group of potential members of the FLSA Collective are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendants that Defendants were required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential members of the FLSA Collective consist of approximately sixty or more persons.

<u>**OHIO CLASS ACTION ALLEGATIONS**</u>
**(As to COUNTS TWO and THREE)**

58.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

59.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and a group of employees of Defendants who assert claims under O.R.C. §§ 4113.15(A), and 2307.60 (referred to herein as the "State Law Class"), defined as:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendants in Ohio during the period of six years preceding the commencement of this action to the present who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek.**

14

60. There are questions of law or fact common to the State Law Class, including but not limited to:

> Whether Defendants denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid wages for their overtime hours worked at the overtime rates required to be paid;

> Whether Defendants' denial of Plaintiff's and other members of the State Law Class's earned and owed compensation was a willful violation of federal and/or state law, entitling Plaintiff and other members of the State Law Class to exemplary, punitive, and/or other damages pursuant to O.R.C. § 2307.60; and

> What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendants' failure to pay all compensation, including overtime compensation, owed when the wages were required to be paid.

61. Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other State Law Class members.

62. The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of approximately sixty or more persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; Ohio Const. Art. II, § 34a.

63. Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other State Law Class members. Plaintiff's counsel have broad experience in handling class action

litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

64. The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

65. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring State Law Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many State Law Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)
***On Behalf of Plaintiff Green and other Plaintiffs who Join this Action***
***(the FLSA Collective Members) Pursuant to 29 U.S.C. § 216(b)***

66. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

67. Plaintiff brings this claim for violation of the FLSA's provisions on behalf of herself and FLSA Collective members, as previously defined.

68. The FLSA requires that non-exempt employees are entitled to overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

69.     Plaintiff and members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

70.     Defendants did not pay overtime compensation to Plaintiff and the members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours worked.

71.     Defendants knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and members of the FLSA Collective overtime compensation. Defendants' deliberate failure to pay all overtime compensation to Plaintiff and to the members of the FLSA Collective was neither reasonable, nor was the decision not to pay all overtime compensation made in good faith. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

72.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive the full overtime wages due to them pursuant to the FLSA. Under 29 U.S.C. § 216(b), this entitles Plaintiff and the members of the FLSA Collective to the due overtime compensation as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Ohio Semimonthly Timely Wage Payment Violations)**
***On Behalf of Plaintiff Green***
***and the State Law Class Members***

73.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

74.     Plaintiff brings this claim for violation of Ohio law, O.R.C. § 4113.15(A), on behalf of herself and the members of the State Law Class for the period of two (2) years preceding the commencement of this action to the present.

75.     In Ohio, an employee can recover wages under O.R.C. § 4113.15(A) that were paid late for any reason.

76.     O.R.C. § 4113.15(A) required Defendants to pay "on or before the first day of each month … employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

77.     As outlined above, Defendants did not, as required by O.R.C. § 4113.15(A), on or before the first day of each month, pay all wages earned by Plaintiff and the members of the State Law Class on or before the first day of each month, the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and did not, on or before the fifteenth day of each month, pay these employees the wages earned by them during the last half of the preceding calendar month.

78.     Defendants' failure to timely pay Plaintiff and the members of the State Law Class all wages, including overtime wages, violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A).

79.     Plaintiff's and the members of the State Law Class's unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday in violation of O.R.C. § 4113.15. By their acts and omissions described in this Complaint, Defendants have

violated Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A), and Plaintiff and the members of the State Law Class have been injured as a result.

80.　　Defendants' violations of Ohio's semimonthly payment of wage requirements, O.R.C. § 4113.15(A), injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them in a timely fashion as required by Ohio law.

81.　　Defendants knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff, and the members of the State Law Class, all wages owed in a timely fashion as required by Ohio law. Defendants' deliberate failure to timely pay all compensation owed to Plaintiff, and the members of the State Law Class, was neither reasonable, nor was the decision not to pay in accordance with O.R.C. § 4113.15(A) made in good faith. By engaging in these practices, Defendants violated Ohio law and regulations that have the force of law.

82.　　As a result of Defendants' violation of Ohio law, Plaintiff and the members of the State Law Class are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15(A).

<u>**COUNT THREE**</u>
**(Civil Action for Damages for Criminal Acts)**
***On Behalf of Plaintiff Green***
***and the State Law Class Members***

83.　　Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

84.　　Plaintiff brings this claim pursuant to Ohio's statue providing for Civil Violations for Criminal Acts, O.R.C. § 2307.60, on behalf of herself and the members of the State Law Class, for the period of six (6) years preceding the commencement of this action to the present.

85.     At all times relevant, Defendants were an entity covered by the FLSA, 29 U.S.C. § 201, *et seq.,* and Plaintiff and the members of the State Law Class have been employed by Defendants within the meaning of the FLSA.

86.     Defendants' failure to compensate overtime hours worked "at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one workweek" was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.* Defendants' failure to timely pay Plaintiff and the members of the State Law Class all overtime wages was a willful violation of the FLSA, 29 U.S.C. § 201, *et seq.*

87.     By their acts and omissions described in this Complaint, Defendants have willfully [7] violated the FLSA, and Plaintiff and the members of the State Law Class have been injured as a result. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

88.     Defendants' willful violations of federal law injured Plaintiff and the members of the State Law Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

89.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the State Law Class are entitled to exemplary and punitive damages pursuant to O.R.C. § 2307.60.

[Plaintiff's *Prayer for Relief* follows on the next page.]

---

[7] 29 U.S.C. § 216(a) provides that "[a]ny person who willfully violates any of the provisions of section 215 of this title shall upon conviction thereof be subject to a fine of not more than $10,000, or to imprisonment for not more than six months, or both."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the FLSA Collective

and the State Law Class, respectfully prays that this Honorable Court:

A.  Promptly order Defendants to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, and other relevant records, necessary to determine similarly situated individuals;

B.  Promptly order Defendants to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.  Promptly issue Court-approved notice to similarly-situated persons informing them of this action, their ability to opt-in and become part of the FLSA Collective, and enabling them to opt in;

D.  Toll the statute of limitations, *freely*, for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F.  Enter judgment against Defendants, *jointly and severally*, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendants' activities, as alleged herein, violate the FLSA and Ohio law and enjoining Defendants from continuing to violate the FLSA and Ohio law, as well as awarding the relief set forth immediately below;

G.  Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H.  Award Plaintiff and other members of the State Law Class all damages allowed by Ohio law, including but not limited to O.R.C. § 4113.15, which entitles Plaintiff and other members of the State Law Class to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per State Law Class member, whichever is greater;

I.  Award exemplary and punitive damages under O.R.C. § 2307.60 to Plaintiff and members of the State Law Class;

J.      Designate Plaintiff as representative of the Fed. R. Civ. P. 23 State Law Class, and counsel of record as Class Counsel for the State Law Class;

K.      Award Plaintiff, and the members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendants' employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

L.      Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully Submitted,

*s/ Ryan A. Winters*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221      F: (440) 846-1625
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff, FLSA Collective Action Plaintiffs, and proposed Fed. R. Civ. P. 23 Class Counsel*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Ryan A. Winters*
Ryan A. Winters (0086917)